# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MELISSA SEAVEY, individually and as guardian of her incapacitated son, B.S., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MAINE SCHOOL ADMINISTRATIVE DIST. 15, | ) ) |
| CRAIG KING, Superintendent, Individually, | ) ) |
| PAULA S. LEAVITT, Director of Special Services, Individually, | ) ) ) |
| MARGARET BOWDOIN, Transportation Supervisor, Individually, | ) ) ) |
| RAYMOND FILES, SR, | ) ) |
| Defendants. | ) ) |

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff Melissa Seavey, individually and as guardian of her incapacitated son, B.S., seek relief under Section 504 of the Rehabilitation Act of 1973 ("Section 504") against Defendants Maine School Administrative District 15 ("MSAD 15"), and under the Fourteenth Amendment of the United States Constitution against MSAD 15 and Defendants Craig King and Margaret Bowdon and Raymond Files in their individual capacities, as follows:

## **PARTIES**

1. Plaintiff Melissa Seavey is the parent of Plaintiff B.S. They reside in Cumberland, Cumberland County, Maine. Her individual claim is limited to reimbursement of costs and fees incurred on behalf of B.S.

2. Due to his diagnosis of autism, Plaintiff B.S. (19) has received special education and related services from MSAD 15 through an Individualized Education Program ("IEP") for many years.

3. At all material times B.S. has been enrolled in MSAD 15 schools. He is currently a student at Margaret Murphy Center and is transported by MSAD 15.

4. Defendant MSAD 15 is the school district responsible under Maine law for providing education to residents of Gray and New Gloucester, Maine. MSAD 15 offices are located in Gray, Cumberland County, Maine.

5. Defendant Craig King is and was at all material times the Superintendent of Schools for MSAD 15 and charged with supervision and management of all schools and all administrative departments within MSAD 15.

6. Defendant Paula S. Leavitt is and was at all material times the Director of Special Services for MSAD 15 and charged with supervision and management of the provision of special education and related services, including those provided to B.S.

7. Defendant Margaret Bowdoin is and was at all material times the Transportation Supervisor for MSAD 15 and charged with supervision and management of the bus drivers and related services, within MSAD 15.

8. Defendant Raymond Files is and was at all material times a bus driver employed by MSAD 15.

9. Defendant MSAD 15 is a public entity within the meaning of Section 504 as it is a recipient of federal financial funding under applicable programs.

## JURISDICTION AND VENUE

10. This Court's jurisdiction is based upon 28 U.S.C. § 1331 as the allegations raise questions of federal law.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as all acts complained of occurred within the District.

## FACTUAL ALLEGATIONS

12. MSAD 15 has adopted and implemented a number of policies relative to student rights and responsibilities, codes of conduct, and procedures for preventing and addressing discrimination harassment and violence to protect all students enrolled in MSAD 15 schools.

13. Children and youth with disabilities and special needs, including B.S., are more vulnerable to assault than other children. They are often perceived—however accurately or inaccurately—as "weak and passive," and many have been trained by well-meaning caregivers to be compliant.

14. Among other services, the IEP required MSAD 15 to provide B.S. with Extended School Year (ESY) services between July 10, 2018 and August 11, 2018, which includes transportation and participation in a specialized instruction program.

15. On August 14, 2018, Plaintiff was violently struck by Defendant Raymond Files, who was acting in the scope of employment as a bus driver for MSAD.

16. Defendant MSAD 15 conducted an investigation, including review of a video-tape of the assault.

17. Among other findings and conclusions, Defendant MSAD 15 erroneously found the assault of B.S. by Defendant Raymond Files was not caused by MSAD's unlawful policies and/or failure to train him.

18. Defendant MSAD failed to properly train Defendant Raymond Files and/or was deliberately indifferent to the fact that he did not know how to manage B.S. without unconstitutionally depriving him of his liberties.

19. B.S. has experienced bodily injury and severe emotional distress, including a diagnosis of Post Traumatic Stress Disorder (PTSD) as a result of Defendant's conduct.

20. Plaintiff Melissa Seavey has incurred significant costs and expenses on behalf of B.S., including but not limited to those related to medical and mental health treatment for B.S., legal fees, and costs of litigation.

21. A school district that receives federal funds is liable for violence by staff under principles of respondeat superior and to when it fails to train, its staff "Raymond Files" was under the district's control, the unlawful conduct was based on the victim's disability; the school had actual constructive knowledge of Raymond Files' training deficiencies and lack of self-control.

22. Defendant Raymond Files' conduct was within the control of Defendant

4

MSAD 15. His conduct was severe, pervasive, and objectively offensive.

WHEREFORE, by virtue of the foregoing, B.S. is entitled to an award of compensatory damages against Defendants in an amount to be determined at trial, and Plaintiff Melissa Seavey is entitled to an award to reimburse her for all medical, mental health, and legal costs incurred on B.S.'s behalf.

## COUNT I: VIOLATION OF SECTION 504
### (vs. MSAD 15)

23. Plaintiffs repeat the allegations contained in Paragraphs 1 through 22.

24. Section 504 provides: "[n]o otherwise qualified individual with a disability…shall, solely by reason of his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Schools must ensure that they provide non-academic and extracurricular services and activities in such a manner as to afford students with disabilities an equal opportunity for participation in such services and activities. 34 C.F.R. § 104.37(a).

25. B.S. is a "qualified individual with a disability" who received special education and related services, including participation in ESY, from MSAD 15.

26. Defendants denied B.S. an equal opportunity to participate in nonacademic and extracurricular programs and services free from harassment or physical harm.

27. Defendants' acts and omissions amount to acts of discrimination and deliberate indifference on the basis of B.S.'s disability.

28. As a direct and proximate result of Defendants' acts and omissions,

B.S. suffered damages, including severe emotional distress.

WHEREFORE, by virtue of the foregoing, B.S. is entitled to an award of compensatory damages against Defendants in an amount to be determined at trial and Plaintiff Melissa Seavey is entitled to an award to reimburse her for all medical, mental health, and legal costs incurred on B.S.'s behalf.

### COUNT II. NEGLIGENCE

29. Plaintiffs repeat the allegations in Paragraphs 1 through 28.

30. Defendants owed B.S. a duty of care to provide him with a reasonably safe environment and to abide by all laws, rules, and regulations governing the protection and supervision of adults under protective residential care.

31. Defendants breached its duty by, among other acts and omissions, failing to report or investigate numerous incidents at MSAD 15 in which the health, safety and welfare of B.S. was at risk; failing to protect B.S. from risk of known or suspected harm; and failing to provide a reasonably safe environment.

32. Defendants' breach directly and proximately caused B.S. to sustain personal injuries and severe emotional distress.

WHEREFORE, by virtue of the foregoing, B.S. is entitled to an award of compensatory and punitive damages against Defendants in an amount to be determined at trial, and Plaintiff Melissa Seavey is entitled to an award to reimburse her for all medical, mental health, and legal costs incurred on B.S.'s behalf.

## COUNT III. NEGLIGENT SUPERVISION

33. Plaintiffs repeat the allegations in Paragraphs 1 through 32.

34. MSAD 15 employees or agents were paid to perform personal care services and charged by MSAD 15 with the care and supervision of B.S. while he resided at a MSAD 15.

35. Defendant MSAD 15 knew or had reason to know it could control the actions of its employees or agents and knew or should have known of the necessity and opportunity for exercising such control.

36. By accepting compensation to care for B.S. in a school setting, Defendant maintained a "special relationship" with B.S.

37. Defendant MSAD15 owed B.S. a duty of reasonable care to supervise and control the actions of its employees and agents within and outside the scope of their employment with MSAD 15. Defendant MSAD 15 owed B.S. a duty to prevent MSAD 15 employees or agents from intentionally or negligently harming B.S. or from creating an unreasonable risk of harm to him caused by the acts or omissions of its employees or agents.

38. Defendant MSAD 15 breached its duty by failing to properly supervise and control the acts or omissions of its employees or agents and by failing to investigate or remediate a known risk of harm to a MSAD 15 resident under the care and supervision of its employees or agents.

39. Defendant MSAD 15 breach directly and proximately caused B.S. to sustain personal injuries and severe emotional distress.

WHEREFORE, by virtue of the foregoing, B.S. is entitled to an award of

compensatory and punitive damages against Defendant MSAD 15 in an amount to be determined at trial, and Plaintiff Melissa Seavey is entitled to an award to reimburse her for all medical, mental health, and legal costs incurred on B.S.'s behalf.

**PURSUANT TO RED. R. CIV. P. 38(b), PLAINTIFFS REQUEST TRIAL BY JURY OF ALL CLAIMS SO TRIABLE BY RIGHT.**

**Dated**: July 27, 2020   Respectfully Submitted,


*/s/ Peter Clifford*
Peter Clifford (peter@cliffordclifford.com)

CLIFFORD & CLIFFORD, LLC
62 Portland Rd., Suite 37
Kennebunk, ME 04043
(207) 985-3200